JOHN E. KUHN, JR
United States Attorney

DANIEL E. DOTY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
101 12th Ave., Room 310
Fairbanks, AK 99701
Phone: 907-227-0717
Email: Daniel.Doty@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAYSON KNOX, ) <br> ) <br> Defendant. ) <br> ) | Case No. 4:20-cr-00005-SAO-RRB |

**UNITED STATES' SENTENCING MEMORANDUM**

**INCARCERATION** ................................................................................ **15 Years**

**SPECIAL ASSESSMENT** ......................................................................... **$100.00**

**FINE** ................................................................................................................ **$0**

**SUPERVISED RELEASE** .......................................................................... **10 years**

## I. FACTS

When the defendant was 21, he worked as a substitute teacher at the school in Kivalina, a small village on the coast in the Northwest Arctic Borough. Dkt. 63 at 4. He felt lonely, isolated, and depressed, and he started contacting female students at the school ranging in age from 11 to 16 years old to solicit nude photos and sex. As he later explained, he was particularly attracted to underaged girls because he thought it was easier to get them to have sex. Dkt. 63 at 6.

In his plea agreement he admitted to soliciting nude photos from 10 different girls. According to the defendant, five of the girls actually sent him photos, one of whom was 12 years old. Dkt. 63 at 4-6. He admitted sending explicit photos of himself to four of the girls, including one who was 12 years old. And he admitted to asking nine of the girls to meet him to have sex or engage in sexual activity, including girls who were 11 and 12 years old. *Id*. The defendant also admitted to kissing 15-year-old Victim J and touching her breasts, though Victim J denied this encounter occurred. Dkt. 1-1 at 13; Dkt. 69 at 11.

## II. STATUTORY PENALTIES

The defendant pled guilty to one violation of 18 U.S.C. § 2422(b). This offense carries the following statutory penalties:

- 10 years to life imprisonment
- 0-$250,000 fine
- 5 years to life supervised release
- $100 special assessment (mandatory)

- $5,000 JVTA assessment (mandatory if defendant has the ability to pay)
- Restitution if requested[1]

## III. GUIDELINE CALCULATION

### a. Summary

The defendant's offense level, correctly calculated in the light of the stipulations made in the plea agreement regarding admitted conduct not encompassed within the count of conviction, is 43. The defendant's lack of criminal history places him in Category I.

The PSR's sentencing calculation is not accurate because it does not reflect the terms of the plea agreement. The defendant pled to a single count of 18 U.S.C. § 2422(b) and he stipulated, pursuant to U.S.S.G. § 1B1.2(c), that his admitted conduct established two additional violations of 18 U.S.C. § 2422(b), five violations of 18 U.S.C. § 2251(a), and one violation of 18 U.S.C. § 1470. These nine total offenses were directed against five minors who ranged in age from 11 to 16. The pseudo-counts contained in the PSR, however, are not based on this stipulation.

Instead, the pseudo-counts are grounded in the PSR writer's determination that the defendant committed a total of twelve violations of 18 U.S.C. § 2422(b) against twelve minors. The stipulated offenses, however, carry higher offense levels than the § 2422(b)

---

[1] At this time the Government is not aware of any victims who intend to pursue a restitution claim.

U.S. v. Knox  
4:20-cr-00005-SAO-RRB                     Page **3** of **12**

violations the PSR writer included in the grouping table, and for that reason they would result in a grouping enhancement that the PSR writer did not apply.

   b. **Offense Level**

      i. **Pled Count**

The defendant pled to Count 1, which addresses his violation of 18 U.S.C. § 2422(b) against 15-year-old Victim C. The base offense level for violations of 2422(b) is 28. U.S.S.G. § 2G1.3(a)(3). The offense is enhanced two levels because the defendant used a computer, U.S.S.G. § 2G1.3(b)(3). This should lead to a count-specific offense level of 30.

      ii. **Probation Pseudo-Count Calculation**

The PSR incorrectly calculated the offense levels and grouping rules for pseudo-counts relating to admitted conduct not encompassed within the count of conviction.[2]

The inclusion of pseudo-counts is appropriate because the defendant agreed that his factual admissions were sufficient to prove additional crimes. Specifically, he stipulated pursuant to U.S.S.G. § 1B1.2(c) that he had committed the offenses alleged in Counts 2-9 of the indictment, which are being dismissed pursuant to the plea agreement, see Dkt. 63 at 2, 9. This stipulation requires the additional conduct to be treated as though the defendant had been convicted on those counts. U.S.S.G. § 1B1.2(c). The plea and

---

[2] The Government overlooked this error in the Draft PSR when the Probation Officer submitted it for review. For this reason, the PSR writer was not given an opportunity to correct the error prior to finalizing the PSR. The Government has called the issue to the writer's attention to give adequate time to consider the issue prior to the sentencing hearing.

U.S. v. Knox    Page **4** of **12**
4:20-cr-00005-SAO-RRB

Case 4:20-cr-00005-RRB-SAO   Document 70   Filed 01/05/22   Page 4 of 12

stipulation establish three violations of 18 U.S.C. § 2422(b), five violations of 18 U.S.C. § 2251(a), and one violation of 18 U.S.C. § 1470. See Dkt. 63 at 2. Under the guidelines the offense level must be calculated as though the defendant had been convicted of all nine counts. U.S.S.G. § 1B1.2(c).

The pseudo-counts in the PSR, however, are not rooted in this stipulation. They are instead calculated as though the defendant had committed 12 total violations of 18 U.S.C. § 2422(b) against 12 different minors.[3] See Dkt. 69 at 11-17. The PSR assigned 40 points to the conduct directed against the youngest minor and 30 points to the conduct directed against the other minors. Dkt. 69 at 17. This means that the PSR does not assign a grouping enhancement to the pseudo-counts because the discrepancy between the most serious count and the rest was too significant. *Id*., see also U.S.S.G. § 3D1.4.

The correct grouping enhancement, calculated based on the § 1B1.2 stipulation, is actually 5 levels.

### iii. Correct Pseudo-Count Calculation

#### 1. Correct Offense Levels for Each Count

The defendant's stipulation to Counts 2 and 3 establishes that he violated 18 U.S.C. § 2422(b) against Victims D and E. In pseudo-counts 4 and 5, the probation

---

[3] The additional pseudo-counts are required by the provision in 2G1.3(d), which requires the Court to treat conduct directed at multiple minors as though the persuasion, enticement, or coercion of prohibited sexual conduct against each minor had been contained in a separate count of conviction. Defendant objects to this conclusion. However, as discussed further below, this question is moot: the grouping mandated by the 1B1.2(c) stipulation already results in the highest grouping enhancement under the guidelines with or without additional pseudo-counts relating to the minors not named in the indictment.

U.S. v. Knox    Page **5** of **12**
4:20-cr-00005-SAO-RRB

officer correctly determined that the appropriate offense level for each of these violations was 30. Dkt. 69 at 13-14.

The defendant's stipulation to Counts 4-8 also establishes violations of 18 U.S.C. § 2251(a) against Victims A, C, D, E, and F, respectively. The applicable guideline is U.S.S.G. § 2G2.1, which establishes a base offense level of 32. The count-specific enhancements to this base offense level are as follows, with the total offense level for each count noted:

- **Count 4: Victim A (11 years old). Offense level 38**.
    - 4-level enhancement because the victim was under the age of 12. U.S.S.G. § 2G2.1(b)(1)(A).
    - 2-level enhancement because the defendant used a computer service to solicit the minor to engage in sexually explicit conduct. U.S.S.G. § 2G2.1(b)(6)(B)(ii)
- **Count 5: Victim C (15 years old). Offense Level 36**
    - 2-level enhancement because the victim was between 12 and 16 years old. U.S.S.G. § 2G2.1(b)(1)(B).
    - 2-level enhancement because the defendant used a computer service to solicit the minor to engage in sexually explicit conduct. U.S.S.G. § 2G2.1(b)(6)(B)(ii)

- **Count 6: Victim D (16 years old). Offense Level 34**
    - 2-level enhancement because the defendant used a computer service to solicit the minor to engage in sexually explicit conduct. U.S.S.G. § 2G2.1(b)(6)(B)(ii).
- **Count 7: Victim E (12 years old). Offense Level 36**
    - 2-level enhancement because the victim was between 12 and 16 years old. U.S.S.G. § 2G2.1(b)(1)(B).
    - 2-level enhancement because the defendant used a computer service to solicit the minor to engage in sexually explicit conduct. U.S.S.G. § 2G2.1(b)(6)(B)(ii)
- **Count 8: Victim F (16 years old). Offense Level 34**
    - 2-level enhancement because the defendant used a computer service to solicit the minor to engage in sexually explicit conduct. U.S.S.G. § 2G2.1(b)(6)(B)(ii)

Finally, the defendant's stipulation to Count 9 establishes that he violated 18 U.S.C. § 1470 against Victim E. This violation is covered by U.S.S.G. § 2G3.1, which carries a base offense level of 10. With a 5-point enhancement for distribution to a minor, U.S.S.G. § 2G3.1(b)(1)(C), and a 2-point enhancement for use of an interactive computer service, U.S.S.G. § 2G3.1(b)(3), the offense level for dismissed Count 9 should be 17.

## 2. Grouping Rules

Based on the additional stipulated offenses alone – without factoring in pseudo-counts based on admitted, unindicted conduct against Victims B, G, H, and I – the defendant's final adjusted offense level should have been 43. This is based on the following grouping calculation pursuant to U.S.S.G. § 3D1.2(a) and (b) (grouping all conduct involving the same victim where the conduct occurred during (1) the same act or transaction or (2) multiple acts or transactions connected by a common scheme or plan):

- **Count Group 1 – Victim C. Group Level 36**
    - Count 1 (Pled Count - § 2422) – Offense Level 30
    - Count 5 (§ 2251) – Offense level 36
- **Count Group 2 – Victim A. Group Level 38**
    - Count 4 (§ 2251)– Offense Level 38
- **Count Group 3 – Victim D. Group Level 34**
    - Count 2 (§ 2422) – Offense Level 30
    - Count 6 (§ 2251) – Offense Level 34
- **Count Group 4 – Victim E. Group Level 36**
    - Count 3 (§ 2422) – Offense Level 30
    - Count 7 (§ 2251)– Offense Level 36
    - Count 9 (§ 1470) – Offense Level 17
- **Count Group 5 – Victim F. Group Level 34**
    - Count 8 (§ 2251) – Offense Level 34

Group 2 has the highest offense level (38 points) and Groups 3 and 5 the lowest (34 points). With five total groups, all within 1-4 offense levels of the others, the offense level for Group 2 is increased 5 levels pursuant to U.S.S.G. § 3D1.4 for a total adjusted offense level of 43.

Five is the maximum enhancement under the grouping rules. For that reason, the question the PSR writer correctly included or calculated additional pseudo-counts relating to unindicted conduct that the defendant admitted in the plea agreement is moot.

### iv. Chapter 4 Enhancement

The PSR writer correctly included a 5-point enhancement under U.S.S.G. § 4B1.5 because the defendant engaged in a pattern of prohibited sexual conduct, including attempted conduct, against children.

### v. Acceptance of Responsibility

The Government agrees the defendant is entitled to a full three-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

### vi. Total Offense Level

The total offense level, factoring in all of the above adjustments, is 45, which automatically reverts to a 43. U.S.S.G. § 5A, Application Note 2.

### c. Criminal History Category

The PSR writer's calculation of the defendant's criminal history category is accurate.

### IV. GOVERNMENT'S RECOMMENDATION

The government recommends a sentence of 15 years imprisonment followed by 10 years of supervised release, no fine, a $100 special assessment, and no JVTA assessment. The statutory range in this case is 10 years to life imprisonment, and the guidelines counsel a life sentence.

A life sentence is not necessary or appropriate in light of the sentencing factors under 18 U.S.C. § 3553. The defendant's age counsels strongly in favor of a sentence focused on rehabilitation and the deterrence of future misconduct, as does his lack of criminal history. He appears to have a strong support network that would aid in his rehabilitative efforts after he is released, and there seems to be little chance he will return to the village where his victims still live. While these offenses undoubtedly impacted the victims, the impact is not the same as it might be if he had successfully engaged in the serial sexual abuse of minors, or if he had been an older, tenured faculty member at the school, so the need for just punishment does not demand a high-end sentence.

However, a mandatory minimum sentence is not appropriate either. The defendant contacted multiple minors to ask for nude photos and sex and persisted in his behavior even after being confronted by some of the victims or their family members. Two of the victims were not even teenagers: Victim A was 11 years old, and Victim E was 12. And in the case of Victim E, the defendant sent her photos of his penis, she sent him explicit photos, and he tried to get her to meet him behind an abandoned warehouse so he could touch her privates. His efforts against these girls were fruitless only because the victims

made efforts to protect themselves, not for lack of trying: Victims C and D actually saw the defendant waiting for them at a meeting point he designated, and the defendant told investigators that he wanted to have sex with minors because he thought it was "easy." A mandatory minimum sentence would not reflect that the defendant was sincerely pursuing sex with multiple, very young minors: this Court should not impose the same sentence it might consider if he had contacted only his single, oldest victim.

A sentence of 15 years would also be consistent with sentences recently imposed within the district for similar conduct. In *United States v. Carmichael*, an elementary school principal in his 60s groomed a student and started a sexually explicit text relationship with her (and an FBI agent posing as another minor) after she moved to the middle school. The court imposed a 15-year sentence. Carmichael was older and abused a more obvious position of trust, but he also had only one real victim and similarly limited criminal history. And in *United States v. Patzke*, this Court imposed a 15-year sentence for simple possession of child pornography based on prior convictions from 2004 for indecent exposure and sexual contact with a preteen girl.

Given these considerations, a sentence of 15 years would appropriately reflect the conduct and the defendant's intentions, while also giving due consideration for the defendant's age, limited criminal history, and rehabilitative potential.

//

//

RESPECTFULLY SUBMITTED this 5th day of January, 2022, in Fairbanks, Alaska.

JOHN E. KUHN, JR.<br>
United States Attorney<br>
<br>
<u>s/ Daniel E. Doty</u><br>
DANIEL E. DOTY<br>
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2022,
a true and correct copy of the foregoing
was served electronically on all counsel of
record via the CM/ECF system:

<u>s/ Daniel E. Doty</u>
Office of the U.S. Attorney